

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

JACQUELINE L. JACKSON,　　　§
Individually and On Behalf of all　§
Others Similarly Situated　　　　§
　　　Plaintiff,　　　　　　　　§
　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　§　　CIVIL ACTION NO. W-13-CV-180
　　　　　　　　　　　　　　　§
EXAMINATION MANAGEMENT　§
SERVICES, INC.,　　　　　　　§
　　　Defendant.　　　　　　　§

## O R D E R

Before the Court is the Joint Motion to Approve Settlement and Dismiss All Claims and Compromise Settlement Agreement and Release in this above-captioned collective action.  The Plaintiffs filed this lawsuit pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), claiming the Defendant did not pay overtime to each plaintiff as required by law.  The parties reached a settlement agreement and now motion the Court to approve the settlement.  After reviewing the terms of the settlement agreement, the Court is unable to grant the motion because the parties failed to demonstrate that the requested award for attorneys' fees is just and reasonable in this case.

### I.　　Legal Standard – Attorneys' Fees

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  As such, the

prevailing plaintiffs in a FLSA suit are entitled to reasonable fee. *Riddle v. Tex– Fin, Inc.*, 2011 WL 1103033, at *5 (S.D.Tex. Mar. 22, 2011).    For purposes of attorneys' fee determination, the Supreme Court held the "prevailing party" is the party that "succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).   Thus, the party who benefits from a "judicially sanctioned" settlement would be considered the "prevailing party." *Roberson v. Giuliani*, 346 F.3d 75, 79–80 (2d Cir. 2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)).

A district court has broad discretion in the determination of attorneys' fees, as well as the appropriate dollar amount.   *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). The district court must determine if the "reported hourly rate is reasonable and whether the reported tasks are duplicative or unrelated to the purposes of the law suit." *Id.* "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam) (quoting *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990)). "The district court may properly reduce or eliminate hours when the supporting documentation is too vague to permit

meaningful review." *Id.* at 326.  Vague entries are those that are "not illuminating as to the subject matter" or "vague as to precisely what was done." *Id.*

In FLSA suits, courts utilize the "lodestar method" to determine the reasonable award for attorneys' fees.  *Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).    Under that method, the lodestar base is calculated by multiplying the number of hours the attorney reasonably spent on the case by a reasonable hourly rate.  *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  The party requesting attorneys' fees must also show that "billing judgment" was exercised, and that unproductive, excessive, or redundant hours were omitted from its requested amount.  *Walker v. HUD*, 99 F.3d 761, 769 (5th Cir. 1996).  Additionally, there must be a showing that the "average hourly rate" utilized was reasonable in the relevant community for similar work.  *Kellstrom*, 50 F.3d at 328.

The adjustment of the lodestar base, either upward or downward, "should only be modified in exceptional cases."  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  Though infrequently increased, the lodestar base can be adjusted after considering the following factors:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the

experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). "In applying [the *Johnson* factors], the district court must explain the findings and the reasons upon which the award is based. However, it is not required to address fully each of the 12 factors." *Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 552 (5th Cir. 1987) (citation omitted).

## II.    Analysis

In the proposed settlement agreement, counsel for the plaintiffs would be paid forty percent of the total settlement fund, or $56,000. However, Plaintiffs' attorneys did not offer any evidence showing that the award amount is reasonable for its legal work in this case. No billing records summarizing the number of hours worked has been submitted, nor has an explanation of the nature and amount of work performed. Additionally, counsel for plaintiffs failed to submit an affidavit, or any other form of evidence, demonstrating what the reasonable hourly rate is for attorneys in the relevant legal community. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Since the Court is unable to ascertain whether the request for attorneys' fees is reasonable, the Court will not approve the settlement agreement in its current form.

## III.    Conclusion

In light of the aforementioned deficiencies surrounding the request for attorneys' fees, the Court cannot approve the settlement agreement with the 40%

award for attorneys' fees.   Based on the scant record before the Court, a reasonable award for attorneys' fees in this FLSA suit would be 25% of the total settlement fund.  However, the Court will not issue a ruling on the joint motion at this time, and will give Plaintiffs' counsel the opportunity to supplement the pending motion with time records and other evidence in support of their requested amount for attorneys' fees.  Accordingly, it is

**ORDERED** that within fourteen (14) days from the date of this Order, Plaintiffs' counsel must file a supplemental brief with evidentiary support that shows their award amount for attorneys' fees is fair, reasonable, and equitable. If a supplemental brief is not filed by this deadline, the Court will deny the parties' Joint Motion to Approve Settlement and Dismiss All Claims.

**SIGNED** on this 28 day of July, 2014.

WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE